**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

PRINCE RODGERS,

                              Plaintiff,

   v.                                                        9:19-CV-419
                                                                          (DNH/ATB)

DEBRA GUMBUS, et. al.,

                              Defendants.

---

PRINCE RODGERS, Plaintiff pro se
RICHARD C. WHITE, Asst. Attorney General for Defendants.

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). In this civil rights complaint, plaintiff alleges that the defendants violated his constitutional rights relative to the suspension of his law library privileges while he was incarcerated at Franklin Correctional Facility. ("Franklin C.F."). (Dkt. No. 1, "Compl." at 6-16). Plaintiff seeks both monetary and injunctive relief for the alleged constitutional violations. (Compl. at 17).

Presently before the court is defendants' unopposed motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 17). For the following reasons, the court will recommend granting defendants' motion to dismiss the complaint against defendants Kevin Bruen ("Bruen"), Victoria Barber ("Barber"), and Anthony Annucci ("Annucci") .

**DISCUSSION**

I. <u>Facts[1] and Procedural History</u>

Plaintiff filed his complaint on April 8, 2018, and subsequently filed a motion to proceed in forma pauperis ("IFP"). (Compl.; Dkt. No. 5). On June 10, 2019, Judge D'Agostino[2] issued an order in which she granted plaintiff's motion for IFP, dismissed certain claims both with and without prejudice, and ordered that a response to the complaint be filed by the remaining defendants. (Dkt. No. 7).

Judge D'Agostino also provided a thorough summary of the facts as alleged in plaintiff's complaint. At all times relevant to the underlying dispute, plaintiff was an inmate at Franklin C.F. On April 20, 2017, a policy (Facilities Operations Manual ("FOM") #371) was implemented authorizing officials at Franklin C.F. to punitively suspend inmates from the law library. (Compl. at 13-15). Plaintiff was thereafter suspended from the law library on four separate occasions – May 30, 2017; November 26, 2017; May 20, 2018; and November 26, 2018 – by non-moving defendant Correction Officer/Law Library Supervisor Debra Gumbus ("Gumbus"), under the purview of FOM #371. (Compl. at 6-16).

It was and remains plaintiff's position that the suspension of his law library privileges under FOM #371 was in contravention of New York State statutes governing

---

[1] This court is assuming the truth of the facts as stated in the complaint only for purposes of this motion.

[2] The case was reassigned to Judge Hurd on August 16, 2019. (Dkt. No. 16).

inmate behavior and was inconsistent with Department of Corrections and Community Supervision ("DOCCS") policies. (Compl. at 6). Plaintiff further asserts that Gumbus did not have the authority to impose loss-of-privileges sanctions on a prisoner. (*Id.*).

Plaintiff made various, contemporaneous claims regarding the suspension of his law library privileges. On February 10, 2018, plaintiff sent a letter to defendant Commissioner Annucci, complaining about the sanctions imposed on him. (*Id.* at 16). Annucci did not respond. (*Id.*). On April 1, 2018, plaintiff wrote to Deputy Superintendent of Programs/Law Library Administrator Barber, complaining about Gumbus' conduct and FOM #371, and requesting that Gumbus be removed from his position in the law library. (*Id.* at 9-12). Barber denied plaintiff's request. (*Id.* at 12). In April 2018, plaintiff wrote to DOCCS' Counsel Bruen, requesting that sanctions be imposed upon Gumbus. (*Id.*). Bruen responded and denied plaintiff's request. (*Id.* at 16).

Plaintiff also appealed his law library suspensions. On June 1, 2018, plaintiff directed an appeal of his May 20, 2018 suspension to Barber. The appeal was denied on June 5, 2018. (Compl. at 9, 12). On December 21, 2018, plaintiff appealed his November 26, 2018 suspension to Barber. This suspension was vacated on December 26, 2018. (Compl. at 11-13).

In her June 10, 2019 order, Judge D'Agostino found that plaintiff's claims for injunctive relief against Bruen, Barber, and Annucci survived initial review. Specifically, Judge D'Agostino found that "plaintiff has sufficiently alleged facts suggesting that "Barber, Bruen, and Annucci have 'a connection to, and [are]

3

responsible for, the protection of Plaintiff's constitutional rights' as it relates to the claims that survive the Court's review." (Dkt. No. 7 at 25).

The record reflects, and plaintiff does not dispute, that on or about August 6, 2019, approximately two months after Judge D'Agostino issued her order on initial review, plaintiff was released from DOCCS custody. (Dkt. No. 15).

## II.     The Mootness Doctrine

### A.     Legal Standards

"In order for a federal court to retain jurisdiction over a case, an actual controversy must 'exist at all stages of review, not merely at the time the complaint is filed.'" *Ryan v. Graham,* No. 9:14-CV-545 (MAD/DJS), 2016 WL 11480154, at *5 (N.D.N.Y. July 5, 2016), report and recommendation adopted, 2016 WL 4384749 (N.D.N.Y. Aug. 17, 2016) (quoting *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996)). A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Gallagher v. Sullivan,* No. 9:15-CV-1327 (TJM/TWD), 2018 WL 4610677, at *2 (N.D.N.Y. Apr. 23, 2018), report and recommendation adopted, 2018 WL 3991492 (N.D.N.Y. Aug. 21, 2018) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). The "legally cognizable interest" can also be understood "as a requirement that a plaintiff have a 'personal stake' in the litigation." *Id.* (quoting *Fox v. Bd. of Tr. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). When the plaintiff no longer maintains a "personal stake" in the litigation, a court lacks subject matter jurisdiction over the action and the case must be dismissed. *See Khalil v. Laird*, 353 Fed. App'x 620, 621 (2d Cir. 2009).

"Mootness can arise in many ways during the course of litigation . . . [including] . . . [if] the plaintiff dies or ceases to be subject to the condition that caused his deprivation before his request for prospective injunctive relief is resolved." *Rosales v. LaValley,* No. 9:11-CV-106 (MAD/CFH), 2014 WL 991865, at *4 (N.D.N.Y. Mar. 13, 2014) (quoting *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 93 (2d Cir. 2007)). An exception to the mootness doctrine has been recognized where the dispute is "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). The capable-of-repetition principle applies "only where the following circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Gallagher v. Sullivan,* 2018 WL 4610677, at *2 (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)).

### B.     Application

Defendants argue that plaintiff's claims for injunctive relief have been rendered moot, because he is no longer incarcerated by the allegedly offending facility. The court agrees, as it is well settled that "where a prisoner has been released from prison, his claims for injunctive relief based on the conditions of his incarceration must be dismissed as moot." *Pugh v. Goord*, 571 F. Supp. 2d 477, 489 (S.D.N.Y. 2008); *see also Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119, 123 (2d Cir. 1997) (finding that the appeal was moot because the injunctive relief sought by the plaintiff "would afford no legally cognizable benefits to [him]" since he was "no longer

5

imprisoned within the DOC system." (quotations and citation omitted)); *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (finding that a claim for injunctive relief against prison authorities was moot where one of the two plaintiff-prisoners had died and the other had been released); *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. Nov. 19, 2009) (summary order) ("When [the plaintiff] was released from prison, he no longer had a continuing personal stake in the outcome of this action, and his claims [for declaratory and injunctive relief] were rendered moot."); *Douglas v. Hollins*, 160 F. App'x 55, 56 (2d Cir. Dec. 19, 2005) (summary order) ("Because [the plaintiff] has been released from prison, his request for injunctive relief is moot."). Accordingly, plaintiff's release from custody is a sufficient basis for dismissing he claims for injunctive relief as moot.

Moreover, this is not an instance in which the exception to the mootness doctrine would apply. Even assuming, without deciding, that plaintiff could satisfy the first prong of the capable-of-repetition analysis, plaintiff has not met the burden of showing that this is an exceptional case in which there is a "reasonable expectation [or demonstrated probability] that the same complaining party would be subjected to the same action again." *Video Tutorial Servs., Inc. v. MCI Telecommunications Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (internal quotation omitted and alteration in original). As previously discussed, plaintiff has since been released from DOCCS custody and is no longer subject to the suspension of his law library privileges. The courts have consistently refused apply the capable-of-repetition exception based on the argument that a former prisoner is "likely" to find himself in custody again. *See Gallagher v. Sullivan,* 2018 WL 4610677, at *4 ("[C]ourts are in general still more reluctant to

6

invoke the capable-of-repetition doctrine when the possibility of recurrence for the plaintiff depends on his own wrongdoing.") (citing, inter alia, *Williams v. Ozmint*, 716 F.3d 801, 810 (4th Cir. 2013) (finding the exception to the mootness doctrine inapplicable where prisoner was removed from maximum security ward and would not be subjected to challenged policies in that ward again unless he violated prison rules)); *see also Pugh v. Goord*, 571 F. Supp. 2d at 490 (finding plaintiff's argument that he would likely end up in prison again, thus preserving his claim in the event of future incarceration, to be "meritless, speculative, and, on some level, highly insulting.").

Based on the foregoing, the court agrees that the plaintiff's claims for injunctive relief were rendered moot by his release from DOCCS custody, and that the plaintiff has failed to establish grounds for application of the capable-of-repetition exception. Thus, the court recommends that defendants' motion to dismiss as to defendants Bruen, Barber, and Annucci be granted, without prejudice. *See Katz v. Donna Karan Company,* L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("a complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction.").

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' partial motion to dismiss (Dkt. No. 17) be **GRANTED,** and all claims against defendants Annucci, Barber and Bruen be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.

Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:      February 24, 2020

_____
Andrew T. Baxter
U.S. Magistrate Judge